# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN E. SCHUBERT, | ) CASE NO.  1:14 CR 122 |
| | ) Related Case  1:17 CV 617 |
| Petitioner, | ) |
| | ) JUDGE DAN AARON POLSTER |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This case is before the Court upon the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (**Doc #: 59** ("§ 2255 Motion")). For the reasons to follow, the § 2255 Motion is summarily dismissed.

**I.**

Schubert was charged with three counts of armed bank robbery, a violation of 18 U.S.C. §§ 2113(a) and (d), and one count of possessing a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(I).  On February 2, 2015, Schubert pled guilty to all four counts pursuant to a Plea Agreement.  (Doc # 41 ("Plea Agreement"); see also Minutes of Proceedings dated 2/2/2015.)  Pursuant to the Plea Agreement executed by Schubert, he expressly and voluntarily waived the right to appeal his convictions or sentences directly or collaterally except for claims of ineffective assistance of counsel or prosecutorial misconduct, any punishment in excess of the statutory maximum, any sentence to the extent it exceeded the maximum of the sentencing imprisonment range determined under the advisory Sentencing

Guidelines in accordance with the stipulations and computations in the Plea Agreement, using the Criminal History Category found applicable by the Court, the Court's determination of his Criminal History, or the Court's denial of his motion to suppress. (Id. at 7 ¶ 21.) On April 30, 2015, the Court sentenced Schubert to concurrent 94-month prison terms for the three armed robberies and 60 consecutive months for the firearm charge, totaling 154 months of imprisonment followed by five years of supervised release. (Doc #: 50.) The Court also ordered Schubert to pay an assessment of $100 for each conviction and restitution in the amount of $10,668. (Id.) Schubert appealed the Court's denial of his motion to suppress and the Sixth Circuit affirmed the Court's judgment. (Doc #: 57.)

As best the Court can interpret, Schubert now argues that counsel was constitutionally ineffective for permitting or advising him to enter into a plea based on 18 U.S.C. § 924(c)(1)(A)(I) (the firearm conviction) when he used a BB gun for all three robberies, and for permitting Schubert to plead guilty to a crime that carried a 60-month consecutive sentence not discussed in the bank robbery statutes.

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly examine the petition. Rule 4(b) provides in

pertinent part as follows:

> If it plainly appears from the face of the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.* The Court has promptly examined Schubert's § 2255 Motion and the record in the underlying criminal case. The Court concludes that it plainly appears from the face of the Motion that he is not entitled to relief in the district court; consequently, his Motion must be summarily dismissed.

### III.

To begin, in the Plea Agreement, Schubert waived his right to challenge his sentences directly or collaterally unless they exceeded the statutory maximum or the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the stipulations and computations in the Plea Agreement. The Court did not sentence Schubert in excess of the statutory maximum, nor did his sentence exceed the maximum of the advisory guidelines sentencing range. And, while he retained the right to challenge counsel's effectiveness, he cannot challenge his sentence under the guise of an ineffective-assistance-of-counsel claim.

Second, Schubert admitted repeatedly that he used a real firearm in the first (November 26, 2013) armed robbery. He admitted it during the FBI interview following his arrest (Doc #: 1-1 at 8), and he admitted it again in the Factual Basis and Relevant Conduct section of the Plea Agreement (Doc #: 41 at 8 ¶ 21) (stating that on November 26, 2013, he "did assault and put in jeopardy the lives of bank employees and others by the use of a dangerous weapon, to wit: a

firearm. In furtherance of this crime of violence, [he] knowingly possessed a firearm, specifically, a black, semi-automatic handgun.").

Third, as Schubert well knows and expressly acknowledged multiple times in his Plea Agreement, his 60-month consecutive sentence for the firearm conviction was mandatory and the Court had absolutely no discretion with regard to its imposition. (See Doc #: 41 at 2 ¶ 2, at 3-4 ¶ 11, at 5-6 ¶ 17.) Thus, counsel cannot be found constitutionally ineffective for failing to object to it.

## IV.

Because it plainly appears from the face of the motion and the record of prior proceedings that Schubert is not entitled to relief, the Court summarily **DISMISSES** the pending § 2255 Motion and **DIRECTS** the Clerk of Court to notify Mr. Schubert of this ruling forthwith.

**IT IS SO ORDERED.**

                                                /s/ Dan A. Polster     March 24, 2017
                                                **Dan Aaron Polster**
                                                **United States District Judge**