IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) | CASE NO. 1:14-cr-00122 |
| **Plaintiff,** )<br>) | JUDGE DAN AARON POLSTER |
| v. )<br>) | |
| JONATHON E. SCHUBERT, )<br>) | **OPINION & ORDER** |
| **Defendant.** | |

Before the Court is the Motion of *pro se* Petitioner Jonathon E. Schubert. **Doc #: 66.** Schubert asks for compassionate release or, in the alternative, transfer to another prison. For the following reasons, Schubert's Motion is **DENIED**.

I.  Background

On May 1, 2015, Schubert was sentenced to 154 months in the custody of the United States Bureau of Prisons for three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc #: 50. The Sixth Circuit upheld Schubert's sentence the next year. *United States v. Schubert*, No. 15-3503, 2016 U.S. App. LEXIS 24524, at *1 (6th Cir. Apr. 1, 2016). This Court then denied Schubert's first motion to vacate under 28 U.S.C. § 2255 on March 24, 2017. Doc #: 60. The Sixth Circuit subsequently denied Schubert's motion to make a second or successive motion under § 2255 on April 14, 2020. *In re Schubert*, No. 19-4054, 2020 U.S. App. LEXIS 11789 (6th Cir. Apr. 14, 2020). Schubert filed his present motion on August 25, 2020. Doc #: 66.

1

II.      Discussion

In his motion, Schubert first asks for compassionate release if his § 924(c) conviction is vacated. Doc #: 66 at 3. Pursuant to 28 U.S.C. § 2255(h) a petitioner may make a second or successive motion to vacate his sentence if the court of appeals certifies that it contains one of two factors: newly discovered evidence from which no reasonable factfinder would have convicted; or a new rule of constitutional law unavailable at the time of the original sentence and made retroactive by the Supreme Court. *See also* 28 U.S.C. § 2244(b)(3)(C). The Sixth Circuit has already determined that Schubert does not meet either requirement. *In re Schubert*, 2020 U.S. App. LEXIS 11789, at *2. Schubert thus cannot proceed with his motion to vacate, and so the Court need not consider his conditional request for compassionate release at this time.

In the alternative, Schubert requests transfer from USP Thompson, in which he has been incarcerated since December 23, 2019, to the Lake County Jail in Painesville, Ohio, to receive gastrointestinal and dental care. Doc #: 66 at 2–4. This Court lacks the authority to grant Schubert his requested transfer. As is well settled, prisoners have no right to be incarcerated in a specific institution. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986); *see also Montayne v. Haymes*, 427 U.S. 236, 243 (1976). Responsibility for the transfer of prisoners rests with the Bureau of Prisons, not the sentencing court. *See Beltran v. Smith*, 458 U.S. 1303, 1305 (1982) (denying a stay of transfer on the grounds that the Attorney General possesses the authority to transfer prisoners at his discretion); *Walker v. Hughes*, 558 F.2d 1247, 1252–53 (6th Cir. 1977) ("Federal statutory law gives federal prison full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to . . . transfer to other prisons."); *see also* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . . The

Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau."). Moreover, this Court lacks the jurisdiction to order the Lake County Jail, a state facility, to accept a federal prisoner. *See Harris v. Wickersham*, No. 16-CV-10778, 2016 U.S. Dist. LEXIS 116527, at *26 (E.D. Mich. July 29, 2016) (collecting cases denying transfer between state and federal prison); *see also* 18 U.S.C. § 3623 (granting the Director of the Bureau of Prisons the authority to transfer federal prisoners to state prison upon request by state authorities when the prisoner has been charged with or convicted of a state felony).

III.     Conclusion

For the foregoing reasons, Schubert's Motion, **Doc #: 66**, is **DENIED**.

**IT IS SO ORDERED.**

                                                    */s/Dan A. Polster    August 26, 2020*
                                                    **Dan Aaron Polster**
                                                    **United States District Judge**